UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOHN ALLEN ROSS, | ) | Case No. 20-50129 |
| | ) | |
| Debtor. | ) | |

**OBJECTION BY SUBCHAPTER V TRUSTEE
TO WILLIAM A. TRUBAN, JR. AND RIDE ON MOTO, INC.'S
MOTION FOR RELIEF FROM STAY TO PURSUE STATE COURT LITIGATION**

William E. Callahan, Jr., Subchapter V Trustee (the "Trustee") in this Case, for his objection to William A. Truban, Jr. and Ride On Moto, Inc.'s Motion for Relief from Stay to Pursue State Court Litigation (the "Motion for Relief"), states as follows:

**Procedural Background**

1. John Allen Ross (the "Debtor") filed a voluntary petition under Subchapter V, Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") on February 19, 2020, in the United States Bankruptcy Court for the Western District of Virginia (the "Court"), commencing the above-captioned case (the "Case").

2. The Trustee was appointed the Subchapter V trustee in the Case by the United States Trustee on February 20, 2020, pursuant to section 1183(a) of the Bankruptcy Code and continues to serve in that capacity in the Case.

3. On February 21, 2020, the Court issued the Order Setting (A) Status Conference; (B) Claims Bar Date; (C) Deadline for Election Under 11 U.S.C. § 1111(b)(2); and (D) Other Deadlines (the "Calendar Order") [Docket No. 10]. Paragraph 7 of the Calendar Order provided that "[e]xcept as provided in Fed. R. Bankr. P. 3002(c), creditors other than governmental units shall file proof of their claim or interest not later than 70 days following the entry of the order for

1

relief." The Certificate of Notice issued by the Court on February 23, 2020 [Docket No. 14] reflects that the Calendar Order was mailed by first class mail to "William A. Truban, Jr." at the same address as is shown as his address on Exhibit A to the Motion for Relief and to "William A. Truban, Jr. c/o Brad Weiss", who is listed as counsel for William A Truban, Jr. on Exhibit A to the Motion for Relief (at the address shown on Exhibit A for Mr. Weiss).

### The Trustee's Objections to the Motion for Relief

4. The Trustee objects to the Motion for Relief for four reasons: (a) William A. Truban, Jr. ("Truban", and collectively with Ride On Moto, Inc., the "Movants")) has failed to timely file a proof of any claim in the Case, (b) Ride On Moto, Inc. is not a party in the either of the Virginia state court proceedings (the "State Court Proceedings") described in the Motion and therefore lacks standing to seek the relief requested in the Motion, (c) given both the nature of the relief sought in the State Court Proceedings and the length of the pendency of those cases prior to the Petition Date, the Court is the most appropriate venue to determine whether the disputed debt Truban asserts is owed to him by the Debtor should be excepted from the Debtor's discharge pursuant to section 523 of the Bankruptcy Code, and (d) requiring the Movants to proceed in this Court with a determination of whether any claim against the Debtor is excepted from any discharge granted in this Case will promote the timely and efficient approval and consummation of a plan of reorganization in this Case.

### Truban Has No Claim in the Case

5. The Calendar Order established a deadline of 70 days after entry of the order of relief. Pursuant to section 301(a) of the Bankruptcy Code, a "voluntary case under a chapter of [Title 11] is commenced by the filing with the bankruptcy court of a petition". Section 301(b) provides that the commencement of a case under a chapter of [Title 11] "constitutes an order for

relief". The Case was commenced on February 20, 2020 and the 70th day after that date is April 30, 2020.

6. Section 1111(a) of the Bankruptcy Code provides that a proof claim or interest is deemed filed under section 501 of [the Bankruptcy Code] for any claim or interest that appears in the schedules filed under section 521(a)(1) [of the Bankruptcy Code], except a claim or interest that is scheduled as disputed, contingent, or unliquidated. In addition, Federal Rule of Bankruptcy Procedure 3003(c)(2) provides that "[a]ny creditor or equity security holder whose claim or interest is…scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for purposes of voting and distribution. Federal Rule of Bankruptcy Procedure 3003(c)(3) provides that the court shall fix the time within which proofs of claim or interest may be filed.

7. Despite receiving notice of the deadline to file proofs of claim in the Case, both personally and through his attorney, Truban did not file a proof of claim in the Case. As a result, no possible purpose could be served by the Court's grant of the Motion.

**Ride On Moto, Inc. Has No Role in the State Court Proceedings**

8. Ride On Moto, Inc. ("ROM") is neither a plaintiff or a defendant in the State Court Proceedings, is not listed as a creditor or party in interest in schedules filed by the Debtor in the Case and has not filed a proof of claim in the Case. Truban provides no reason or basis why ROM has standing to seek the relief requested in the Motion or why ROM would be harmed by the continuation of the automatic stay and entitled to the relief requested in the Motion.

**This Court is the Proper Venue for the Determination of Whether Any
Debt Owed to Truban Should Be Excepted from Discharge under Section 523(a)**

9.  The Movants mischaracterize the nature and length of time of the State Court Proceedings and overstate the benefit of proceeding in that venue rather than in this Court. First, the Frederick County Circuit Court Clerk's (the "Clerk") stamp on the first page of Exhibit A shows that that proceeding was commenced on October 18, 2019, only 124 days before the Petition Date. Similarly, the Clerk's stamp on the first page of Exhibit B shows that that proceeding was commenced on December 12, 2019, only 69 days before the Petition Date. There is no assertion made in the Motion and no evidence that either of the State Court Proceedings have completed discovery, sought summary judgment or sought to set the matter for trial.

10. Conversely to the Movants' assertions, the *In re Robbins* factors weigh in favor of this Court. The expertise of this Court in deciding the application of section 523(a) are essential to a prompt and efficient determination of whether any claims Truban may have against the Debtor (which the Trustee, for the reasons stated above, asserts he does not have). While the standards for findings of fraud and other bases for an exception to the discharge under section 523(a) are similar to the factors required under Virginia law, it cannot be assured that the court in the State Court Proceedings will make sufficient findings of fact or conclusions of law. Only this Court can do that. In the final analysis, the Movant must still seek a determination from this Court regardless of the outcome of the State Court Proceedings. As a result, judicial economy is not well served by the grant of the relief requested in the Motion.

**Denying the Motion Promotes a Timely Conclusion of the Case**

11. There is an additional benefit to this Case which will accrue if the Court denies the Motion. Permitting the State Court Proceeding to move forward puts the timing of the resolution of the issues raised in the State Court Proceeding in the hands of one of the judges of the Circuit

4

Court of Frederick County rather than this Court. As a result, this Court loses the ability to manage and control the progress of the Case and to move this Case forward to a timely and successful resolution, including the confirmation of the Debtor's plan of reorganization, which is what Subchapter V was enacted to achieve.

WHEREFORE, for the reasons stated above, the Trustee requested that the Court deny the Motion and grant such other and further relief as the Court deemed appropriate under the circumstances of the Case.

/s/ William E. Callahan, Jr.
William E. Callahan, Jr.

William E. Callahan, Jr., Subchapter V Trustee
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9309
Facsimile: (540) 983-9400
Email: callahan@gentrylocke.com

### Certificate of Service

I hereby certify that on May 12, 2020, I filed the above Objection to William A. Truban, Jr. and Ride On Moto, Inc.'s Motion for Relief from Stay to Pursue State Court Litigation with the Court by the CM/ECF electronic filing system and thereby causing a copy of the above described pleading to be serve by electronic notice on counsel for the Movants, counsel for the Debtor, the United States Trustee and all other creditors and parties in interest requesting electronic notice in this Case.

/s/ William E. Callahan, Jr.
William E. Callahan, Jr.

29004/2/9342685v1