# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

|   |   |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| JOHN ALAN ROSS, | ) Case No. 5:20-BK-50129 |
|  | ) |
| Debtor. | ) |
|  | ) |

## MOTION OF WILLIAM A. TRUBAN, JR. AND RIDE ON MOTO, INC., FOR LEAVE TO FILE LATE PROOF OF CLAIM

William A. Truban, Jr. ("Truban") and Ride on Moto, Inc. ("ROM," and together with Truban, the "Movants"), by counsel, respectfully requests that this Court enter an order granting leave for each of the Movants to file a late proof of claim (the "Motion")[1] and, in support thereof, respectfully state as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(a) and (b)(2)(G). Venue of this case and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] For the reasons set forth herein and in the Movant's Reply to the Debtor's Response to Motion for Relief from the Automatic Stay to Pursue State Court Litigation, filed contemporaneously herewith, the Movants do not believe that the claims bar date has passed and are only filing this Motion in an abundance of caution.

Kristen E. Burgers (VSB No. 67997)
Franklin R. Cragle, III (VSB No. 78398)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:      804.771.9500
Facsimile:      804.644.0957
E-mail:      kburgers@hirschlerlaw.com
            fcragle@hirschlerlaw.com
*Counsel for Ride on Moto, Inc.*
*and William A. Truban, Jr.*

2. The bases for the relief requested herein are 11 U.S.C. § 105(a) of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 9006(b).

**Background**

3. John Alan Ross, the debtor herein (the "Debtor") filed a voluntary petition [Docket No. 1] under subchapter V of chapter 11 of the Bankruptcy Code on February 19, 2020 (the "Petition Date"), the first day that subchapter V went into effect. Upon information and belief, this case is one of the first (if not the first) subchapter V case filed in this District.

4. On February 21, 2020, the Court entered an Order Setting (A) Subchapter V Status Conference, (B) Claims Bar Date, (C) Deadlines for Election Under 11 USC §1111(b)(2) and (D) Other Deadlines [Docket No. 10] (the "Initial Order"), in which the Court initially set a claim deadline for non-governmental units of 70 days from the date the order for relief was entered. Pursuant to the Initial Order, the claims bar date would have been April 29, 2020. The Initial Order was mailed to all parties receiving service by first class mail (including Truban) on February 23, 2020 [Docket No. 14].

5. Later that same day, and subsequent to the Initial Order, the Court issued the Notice of Chapter 11 Bankruptcy Case [Docket No. 11] (the "Initial Chapter 11 Notice"), which was mailed to all parties receiving service by first class mail (including Truban) on February 23, 2020. The Initial Chapter 11 Notice states, in section 7, that the deadline for filing proofs of claim is "Not yet set. If a deadline is set, the court will send you another notice."

6. Thereafter, on February 25, 2020, the Court issued an Amended Notice of Chapter 11 Bankruptcy Case [Docket Nos. 15 and 16] (the "Amended Chapter 11 Notice"). The language with respect to the proof claim bar date was not changed. The Amended Chapter 11 Notice states,

in section 7, that the deadline for filing proofs of claim is "Not yet set. If a deadline is set, the court will send you another notice." The Amended Chapter 11 Notice was mailed to all parties receiving service by first class mail (including Truban) on February 27, 2020 [Docket No. 17].

7. The Court has not issued another notice setting said deadline.[2]

8. On May 1, 2020, the Movants filed their Motion for Relief from the Automatic Stay to Pursue State Court Litigation (the "Lift Stay Motion") [Docket No. 32]. The Debtor filed his response (the "Debtor Response") [Docket No. 37] to the Lift Stay Motion on May 7, 2020. In the Debtor Response, the Debtor alleges, among other things, that the Movants lack standing to file the Lift Stay Motion because they did not filed a proof of claim and the claims bar date had passed.

9. On May 12, 2020, William E. Callahan, Jr., the duly-appointed Subchapter V Trustee (the "Trustee") appointed in this bankruptcy case, filed his objection (the "Trustee Objection") [Docket No. 39] to the Lift Stay Motion. In the Trustee Objection, the Trustee also asserts that the Lift Stay Motion should be denied because the Movants did not timely file a proof of claim.

10. Contemporaneously herewith, the Movants are filing their omnibus reply (the "Reply") to the Debtor Response and Trustee Objection. In the Reply, the Movants state that they do not believe that the claims bar date has passed, but, in an abundance of caution, file this Motion.

---

[2] It is also worth noting that the docket for this case, as it appears on CM/ECF, does not identify a claims bar date in the top right hand corner, as is typical in a chapter 11 proceeding, nor is the claims bar date listed on the claims register for CM/ECF. Copies of both the docket and claims register, downloaded as of the date of this filing, are attached hereto as **Exhibit A**.

**Relief Requested**

11.    In the event the claims bar date has passed, the Movants request that this Court grant leave to allow each of the Movants to file a proof of claim beyond the claims bar date in this matter. Cause exists to allow the Movant's filing of a late claim as set forth in greater detail herein because of the conflicting order and notices issued by the Court and the fact that the Amended Notice, which was the last issued notice, states that no claims bar date has been set.[3]

**Argument**

12.    Bankruptcy Rule 9006(b) provides that a bankruptcy court "for cause shown may at any time in its discretion" grant an enlargement of time to act "where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). "Cause" may include due process or other procedural issues in providing notice of the bar date. In re First Magnus Financial Corp., 2009 WL 481907, *4 (Bankr. D. Ariz. 2009). Insufficient notice of the bar date may be sufficient cause to extend the bar date. In re Pettibone Corp., 123 B.R. 304, 310 (Bankr. N.D. Ill. 1990).

13.    The Initial Order and the Initial Chapter 11 Notice were filed and mailed on the same day. There is an obvious conflict between the two documents with respect to the deadline for filing proofs of claim, with the Initial Chapter 11 Notice (confirming no claims bar date) being issued later-in-time. The Amended Chapter 11 Notice was issued <u>four days *after*</u> the Initial Order and thus superseded the Initial Order. The Amended Chapter 11 Notice, like the Initial Chapter 11 Notice, states that a proof of claim deadline had not been set and, if a deadline is set, the Court will send claimants another notice.

---

[3] For the reasons set forth herein, the Movants believe it is appropriate for the Court to issue a new order or notice setting the proof of claims bar date and allowing all creditors an additional period of time to file a proof of claim in this case in light of the conflicting order and notices.

14. Rather than setting a claims bar date (of April 29, 2020 as set forth in the Initial Order, or otherwise), the Amended Chapter 11 Notice confirms and advised the movants – and in fact all creditors – that the deadline for filing proofs of claim is "Not yet set. If a deadline is set, the court will send you another notice."

15. The Amended Chapter 11 Notice was the last communication received by the Movants from the Court with respect to the claims bar date. The Amended Chapter 11 Notice supersedes the Initial Order and the Initial Chapter 11 Notice, and the Movants are entitled to rely on the Amended Chapter 11 Notice.

16. In the event the Court finds that the conflicting order and notices do not constitute sufficient cause, the Movants are entitled to file a late proof of claim due to excusable neglect beyond the Movants' control. The decision regarding whether a party's failure to timely file a proof of claim can constitute "excusable neglect" is "at bottom an equitable one" to be determined by weighing all of the relevant circumstances surrounding the failure to act. See Pioneer Investment Services Co. Brunswick Associates, L.P., 507 U.S. 380, 389 (1993). Such an equitable determination is consistent with the policies underlying Chapter 11, since "[c]hapter 11 provides for reorganization with the aim of rehabilitating the debtor and avoiding forfeitures by creditors." Pioneer, 507 U.S. at 389. See also In re Cendant Corp. Prides Litigation, 233 F.3d 188, 196 (3d Cir. 2000); In re Orthopedic Bone Screw Products Liability Litigation, 246 F.3d 315, 321-22 (3d Cir. 2001); Chemetron Corp. v. Jones, 72 F.3d 341, 349-50 (3d Cir. 1995) (Pioneer requires a "totality of the circumstances" test in order to determine excusable neglect).

17. The Pioneer test consists of two prongs. Under the first prong, the movant must show that its failure to act constitutes neglect. The Court can make a finding of neglect either where there are circumstances beyond the control of the movant or due to the movant's

"inadvertence, mistake, or carelessness." <u>Pioneer</u>, 507 U.S. at 388.  Here, the conflicting order and notices, which were not within the Movants' control, led the Movants to believe that the claims bar date had not yet been set and that the Movants would receive an additional notice from the Court.

18.    Under the second prong of the <u>Pioneer</u> test, the determination of whether a claimant's neglect is excusable is an equitable determination. <u>Pioneer</u>, 507 U.S. at 389.  The equitable considerations include (i) the danger of prejudice to the debtor, (ii) the length of the delay and its potential impact on judicial proceedings, (iii) the reason for the delay, including whether it was within the reasonable control of the movant, and (iv) whether the movant acted in good faith. <u>In re Keene Corp.</u>, 188 B.R. 903, 909 (Bankr. S.D.N.Y. 1995).  In this case, the equitable considerations weigh in favor of allowing the Movants leave to file late proofs of claim. Assuming, for the sake of argument, that the Initial Order controls and that the claims bar date was April 29, 2020, less than <u>two weeks</u> have passed since the bar date.  The Debtor is well aware of the claims because the Debtor actively participated in the pending state court litigation matters prior to the Petition Date.  The Movant acted in good faith by relying on the Amended Chapter 11 Notice, as it was the last-issued notice by the Court and it could have been amended to include a specific bar date, but was not.  The Debtor will not suffer any adverse impact as a result of the Movants' late claims, if allowed.

19.    Based on the foregoing, "cause" and excusable neglect beyond the control of the Movants exist for leave to be granted to each of the Movants to file a late proof of claim in this case.

WHEREFORE, the Movants, William A. Truban, Jr., and Ride On Moto, Inc., move this Court for the entry of an order substantially in the form attached hereto, granting leave for each of the Movants to file a late proof of claim and thereby deeming the Movants' claims as timely filed and for such other and further relief that this Court deems appropriate and just under the circumstances.

Dated: May 13, 2020

Respectfully submitted

RIDE ON MOTO, INC. and
WILLIAM A. TRUBAN, JR.

  /s/ Kristen E. Burgers
Kristen E. Burgers (VSB No. 67997)
Franklin R. Cragle, III (VSB No. 78398)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:    804.771.9500
Facsimile:    804.644.0957
E-mail:    kburgers@hirschlerlaw.com
           fcragle@hirschlerlaw.com

*Counsel for Ride on Moto, Inc.
and William A. Truban, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2020, I caused to be served the foregoing via (i) this Court's CM/ECF electronic case management system to allow all parties entitled to notice thereby; and (ii) first class, U.S. mail, postage prepaid to the below parties and the parties on the attached creditor matrix:

Andrew S. Goldstein
Magee Goldstein Lasky & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003
　*Counsel for the Debtor*

William E. Callahan
Gentry Locke
Post Office Box 40013
Roanoke, Virginia 24022
　*Chapter 11 Trustee*

United States Trustee
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, Virginia 24011
　*United States Trustee*

　　　　　　　　　　　　　　　　　　　　　　／s／ Kristen E. Burgers
　　　　　　　　　　　　　　　　　　　　　　　　　Counsel

## **CREDITOR MATRIX**

12323120.1 020034.02193

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0423-5<br>Case 20-50129<br>Western District of Virginia<br>Harrisonburg<br>Tue May 12 16:54:51 EDT 2020 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Ride On Moto, Inc.<br>c/o Hirschler; Attn: Frank Cragle<br>The Edgeworth Building<br>2100 East Cary Street<br>P.O. Box 500<br>Richmond, VA 23218-0500 |
| US Bankruptcy Court<br>Harrisonburg Division<br>116 N Main St, Room 223<br>Harrisonburg, VA 22802-3832 | BB&T<br>200 West Second Street<br>Winston Salem, NC 27101-4049 | BB&T now Truist, Bankruptcy Section<br>100-50-01-51<br>P.O. Box 1847<br>Wilson, NC 27894-1847 |
| Capital One<br>1680 Capital One Drive<br>Mc Lean, VA 22102-3407 | Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Credit One Bank<br>PO Box 60500<br>City of Industry, CA 91716-0500 |
| Discover<br>PO Box 6103<br>Carol Stream, IL 60197-6103 | Kenneth J. Barton, Jr., Esq.<br>Steptoe & Johnson, PLLC<br>1250 Edwin Miller Boulevard, Suite 300<br>Martinsburg, WV 25404-3753 | Loeta L. Ross<br>112 Earle Street<br>Elkins, WV 26241-3910 |
| Northpoint Commercial Services<br>1105 Lakewood Pkwy, Suite 210<br>Alpharetta, GA 30009-7625 | Synchrony Bank<br>140 Wekiva Springs Road<br>Longwood, FL 32779-3604 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk VA 23541-1021 |
| Synchrony Bank Amazon<br>140 Wekiva Springs Road<br>Longwood, FL 32779-3604 | Synchrony Bank Ebay<br>140 Wekiva Springs Road<br>Longwood, FL 32779-3604 | USTrustee<br>Office of the United States Trustee<br>210 First Street, Suite 505<br>Roanoke, VA 24011-1620 |
| United Bank<br>11185 Main Street<br>Fairfax, VA 22030-5087 | Virginia Department of Taxation<br>OCC/Bankruptcy<br>P.O. Box 2156<br>Richmond, VA 23218-2156 | Wells Fargo Bank, N.A.<br>Default Document Processing<br>MAC# N9286-01Y<br>1000 Blue Gentian Road<br>Eagan MN 55121-7700 |
| Wells Fargo CDF<br>10 South Wacker Drive<br>Chicago, IL 60606-7453 | Wells Fargo Home Mortgage<br>PO Box 10378<br>Des Moines, IA 50306-0378 | William A. Truban, Jr.<br>646 Tennyson Ave.<br>Winchester, VA 22601-3213 |
| William A. Truban, Jr.<br>c/o Brad Weiss<br>8180 Greensboro Dr.<br>Mc Lean, VA 22102-3888 | Andrew S Goldstein<br>Magee Goldstein Lasky & Sayers, P.C.<br>P O BOX 404<br>ROANOKE, VA 24003-0404 | John Alan Ross<br>1021 Bowmans Mill Road<br>Middletown, VA 22645-3439 |
| William A. Truban Jr.<br>c/o Hirschler; Attn: Frank Cragle<br>The Edgeworth Building<br>2100 East Cary Street<br>P.O. Box 500<br>Richmond, VA 23218-0500 | William E. Callahan(Ch.11) Jr.<br>Gentry Locke<br>PO Box 40013<br>Roanoke, VA 24022-0013 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Loeta L. Ross<br>112 Earle Street<br>Elkins, WV 26241-3910 | (d)PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | End of Label Matrix<br>Mailable recipients   28<br>Bypassed recipients    2<br>Total                 30 |