UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOHN ALLEN ROSS, | ) | Case No. 20-50129 |
| | ) | |
| Debtor. | ) | |

**OBJECTION BY
SUBCHAPTER V TRUSTEE TO MOTION OF WILLIAM A. TRUBAN, JR.
AND RIDE ON MOTO, INC. FOR LEAVE TO FILE LATE PROOF OF CLAIM**

William E. Callahan, Jr., Subchapter V Trustee (the "Trustee") in this Case, for his objection to the Motion of William A. Truban, Jr. and Ride On Moto, Inc. for Leave to File Late Proof of Claim (the "Motion for Leave") [Docket No. 43], states as follows:

**Procedural Background**

1.  John Allen Ross (the "Debtor") filed a voluntary petition under Subchapter V, Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") on February 19, 2020, in the United States Bankruptcy Court for the Western District of Virginia (the "Court"), commencing the above-captioned case (the "Case").

2.  The Trustee was appointed the Subchapter V trustee in the Case by the United States Trustee on February 20, 2020, pursuant to section 1183(a) of the Bankruptcy Code and continues to serve in that capacity in the Case.

3.  On February 21, 2020, the Court issued the Order Setting (A) Status Conference; (B) Claims Bar Date; (C) Deadline for Election Under 11 U.S.C. § 1111(b)(2); and (D) Other Deadlines (the "Calendar Order") [Docket No. 10]. Paragraph 7 of the Calendar Order provided that "[e]xcept as provided in Fed. R. Bankr. P. 3002(c), creditors other than governmental units shall file proof of their claim or interest not later than 70 days following the entry of the order for

1

relief." The Certificate of Notice issued by the Court on February 23, 2020 [Docket No. 14] reflects that the Calendar Order was mailed by first class mail to "William A. Truban, Jr." at the same address as is shown as his address on Exhibit A to the Motion for Relief and to "William A. Truban, Jr. c/o Brad Weiss", who is listed as counsel for William A Truban, Jr. on Exhibit A to the Motion for Relief (at the address shown on Exhibit A for Mr. Weiss).

4.  As William A. Truban, Jr. and Ride On Moto, Inc. (the "Movants") correctly point out, after the Court's entry of the Calendar Order, the Clerk of Court issued two Chapter 11 Notices (collectively, the "Chapter 11 Notices"), each of which states that the claims bar date had not yet been set. Those two Chapter 11 Notices were clearly incorrect and inconsistent with the Calendar Order.

## The Trustee's Objection to the Motion for Leave

5.  For the purpose of the Movants' request that the Court find that either "cause" or "excusable neglect" exists as grounds to grant the extension of time requested in the Motion for Leave, the Movants ignores their own responsibilities. The Court speaks through its orders and faced with an inconsistency between the Calendar Order and the two Chapter 11 Orders issued by the Clerk of Court, it was the duty of the Movants to inquire about the inconsistency and to determine whether the information in the Calendar Order or the two Chapter 11 Notices was correct before the deadline established by the Court in the Calendar Order had passed. The Movants admit that they were properly served with both the Calendar Order and the two Chapter 11 Notices. However, they do not offer an explanation of why they simply chose to ignore the Calendar Order without inquiry. Instead, the Movants state that "they do not believe that the claims bar date has passed", which is patently incorrect.

29004/2/9342685v1

6. The Movants' position does not support an enlargement of time to file a proof of claim for their "excusable neglect" and their request for such relief is not consistent with either the Movants' other statements or the record of this Case. It is only by providing evidence to the Court that there is a valid reason, that is "cause", why the Movants' ignored the Calendar Order or failed to timely inquire into the inconsistency between the Calendar Order and the Chapter 11 Notices that the Movants should be entitled to the relief they request in their Motion for Leave.

WHEREFORE, for the reasons stated above, the Trustee requested that the Court deny the Motion for Leave and grant such other and further relief as the Court deemed appropriate under the circumstances of the Case.

/s/ William E. Callahan, Jr.
William E. Callahan, Jr.

William E. Callahan, Jr., Subchapter V Trustee
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9309
Facsimile: (540) 983-9400
Email: callahan@gentrylocke.com

### Certificate of Service

I hereby certify that on June 9, 2020, I filed the above Objection by Chapter V Trustee to the Motion of William A. Truban, Jr. and Ride On Moto, Inc. for Leave to File Late Proof of Claim with the Court by the CM/ECF electronic filing system and thereby causing a copy of the above described pleading to be served by electronic notice on counsel for the Movants, counsel for the Debtor, the United States Trustee and all other creditors and parties in interest requesting electronic notice in this Case.

/s/ William E. Callahan, Jr.
William E. Callahan, Jr.

3

29004/2/9342685v1