UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOHN ALAN ROSS, | ) | Case No. **20-50129** |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S FIRST INTERIM APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. § 330(a)
AND § 331 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016(a)**

William E. Callahan, Jr., Trustee (the "Trustee"), for his first interim application for compensation and expenses ("First Interim Application") pursuant to 11 U.S.C. § 330(a) and § 331 and Federal Rule of Bankruptcy Procedure 2016, requests that the Court approve compensation in the amount of $7,837.50 and reimbursement of actual expenses incurred in the amount of $10.00 on an interim basis, and in support of his request, states as follows:

**Procedural Background**

1. John Alan Ross (the "Debtor") filed a voluntary petition under Subchapter V, Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") on February 19, 2020, in the United States Bankruptcy Court for the Western District of Virginia (the "Court"), commencing the above-captioned case (the "Case").

2. The Trustee was appointed the Subchapter V trustee in the Case by the United States Trustee on February 20, 2020, pursuant to section 1183(a) of the Bankruptcy Code and continues to serve in that capacity in the Case.

**Request for Approval of Compensation and Reimbursement of Expenses**

1

3. Pursuant to section 330(a)(1) and (3) of the Bankruptcy Code, after notice and a hearing, the Court may award a trustee (a) reasonable compensation for actual, necessary services rendered by the trustee and (b) reimbursement of actual, necessary expenses. In addition, pursuant to section 331 of the Bankruptcy Code, a trustee seek approval of compensation for services rendered prior to the date of the application and reimbursement of expenses incurred before the date of the application on an interim basis not more than once every 120 days after the order of relief, unless the Court orders otherwise.

4. By this First Interim Application, the Trustee requests that the Court approve compensation to the Trustee in the amount of $7,837.50 and the reimbursement in the amount of $10.00 on an interim basis and subject to the Trustee's final application for compensation and reimbursement of expenses in the Case. A detailed list of the time expended and the tasked performed by the Trustee and of the expenses for which the Trustee seeks reimbursement is attached hereto as **Exhibit A**.

5. By the Application, the Trustee requests approval of reasonable compensation for actual, necessary services rendered by the Trustee and the reimbursement of the actual, necessary expenses incurred by the Trustee in the performance of his duties as trustee. Pursuant to section 330(a)(3), in determining the amount of reasonable compensation to be awarded to a trustee, the Court shall consider the nature, the extent, and the value of services rendered, taking into account all relevant factors, including (a) the time spent on such services, (b) the rates charged for such services, (c) whether the services rendered were necessary to the administration of or of benefit at the time at which the service was rendered toward the completion of the case, (d) whether the services were performed with a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task address, (e) whether the person has

demonstrated skill and experience in the bankruptcy field, and (f) whether the compensation is reasonable based on the customary compensation charged by skilled practitioners in cases other than under the Bankruptcy Code. Under these considerations, the compensation is reasonable compensation and the expenses for which reimbursement is requested are actual, necessary expenses incurred by the Trustee in the performance of his duties in this Case.

6. No previous applications for compensation and reimbursement of expenses have been filed by the Trustee or approved by the Court and no compensation or reimbursed expenses have been paid by the Debtor or the estate in this Case. This statement and the information provided in **Exhibit A** fully comply with the requirements set forth in Bankruptcy Rule 2016(a).

## Notice

7. Notice of the Application, the amount of compensation and reimbursement of expenses, the date, time and location of the hearing on the Application, and the deadline by which any party in interest may object to the Application pursuant to Local Rule 9013-1(M) are set for the in the Notice of Hearing for the Application, which was filed contemporaneously with the Application and served with the Application on the United States Trustee, the Debtor and his counsel, and all creditors and parties in interest, as reflected in the Certificate of Service attached to the Notice. The notice given fully complies with the applicable provisions of Bankruptcy Rule 2002(a)(6) and (c)(2). In the event there are no objections to the Application by the deadline set forth in the Notice, cause will exist for the grant of the relief requested in the Application and the cancellation of the hearing on the Application.

Wherefore, the Trustee respectfully moves the Court for (i) the grant of approval of the Application and the compensation and reimbursement of expenses of the Trustee requested herein on an interim basis, (ii) in the event there are no objections to the Application filed by the

deadline set forth in the Notice, the cancellation of the hearing and the grant of the approval of the Application without the hearing, and (iii) the grant of such other and further relief as the Court deems appropriate.

Date: July 14, 2020

Respectfully submitted,

/s/ William E. Callahan, Jr.
William E. Callahan, Jr., Trustee
P.O. Box 40013
Roanoke, Virginia 24022-0013
Telephone: (540) 983-9309
Facsimile: (540) 983-9400
Email: callahan@gentrylocke.com