IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

IN RE:

JOHN A. ROSS,    Case No. 20-50129

　　　　Debtor(s).    Chapter 11 Subchapter V

**SECOND AMENDED
PLAN OF REORGANIZATION**

**Proponent**

**John A. Ross
Debtor**

**December 9, 2020**

Andrew S. Goldstein, Esq. (VSB #28421)
Magee Goldstein Lasky & Sayers, P.C.
P.O. Box 404
Roanoke, Virginia  24003-0404
Telephone: (540) 343-9800
Facsimile: (540) 343-9898
agoldstein@mglspc.com
*Counsel for the Debtor*

MAGEE GOLDSTEIN LASKY & SAYERS
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800
ATTORNEYS AND COUNSELORS AT LAW

**PLAN OF REORGANIZATION**

I. <u>INTRODUCTION AND SUMMARY</u>

John A. Ross (the "**Debtor**"), debtor and debtor-in-possession in this chapter 11 proceeding, by counsel, proposes the following Plan of Reorganization (the "**Plan**").

**ARTICLE I**

A. <u>HISTORY OF DEBTOR'S BUSINESS</u>

In the years prior to the commencement of this case, the Debtor was a principal of a company called Ride On Moto, Inc., a retail motorcycle sales operation. The Debtor's equity partner in that business was William A. Truban, Jr., a creditor in this case. Ride On Moto, Inc. has been out of business since September, 2019. Litigation commenced by the Debtor's former partner, William A. Truban, Jr., was pending at the time of the filing of this case, and was primarily the reason that this case was filed.

Currently, the Debtor is employed as an independent contractor and consultant with a company that he owns (previously owned by his son, but now owned 100% by the Debtor) called Race ADV, LLC.  Race ADV does specialty work on European motorcycles, provides motorcycle riding classes and instruction, networking for motorcycle enthusiasts, and consulting for motorcycle races and services. The Debtor has a very strong reputation in the European motorcycle enthusiasts industry, and anticipates a growing and profitable enterprise with Race ADV, LLC. Although the Debtor is established in the industry and has enjoyed initial success with Race ADV despite bleak economic conditions, the debtor also anticipates increasing consulting opportunities in the motorcycle industry particularly once the economy reopens and improves, and has applied for, and has optimism about landing a job with a prominent motorcycle manufacturer that will blend a base salary and a commission.

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

1

B.    DEBTOR'S POST-PETITION BUSINESS

Shortly after the filing of the Debtor's case in late February, 2020, the Covid-19 pandemic began to impact the Race ADV business and the motorcycle enthusiast industry in general. The worldwide pandemic impacted the discretionary spending that many of Race ADV's customers were able to contribute toward their motorcycle riding and racing hobbies. And just as impactful, Race ADV's supply chain for parts needed to repair and modify its customers' motorcycles was hampered. Beginning in mid-March, 2020, and continuing through the summer, it was very difficult for Race ADV to reliably order and take delivery of the parts necessary to service its customers. The supply began to improve in mid to late fall has continued to improve, and the Debtor remains optimistic that he will be able to perform pursuant to his Plan. In fact, as of the date of this Plan, and even though his Plan payment obligations have not begun, the Debtor has made initial Plan payments to his trustee for the months of October and November, and will make a payment in December prior to confirmation.

The Debtor is finalizing his profit and loss statement for the months of October and November, 2020, as those months are most indicative of current levels of business, and will allow the Debtor to accurately project the Race ADV business going forward. The Debtor anticipates supplementing his Plan with the actual October and November profit and loss statements, along with a six (6) month cash flow projection, within a week of filing this Plan.

## ARTICLE II

### CLASSIFICATION OF CLAIMS

The claims against the Debtor, to the extent allowed, are classified as set forth in this Article II. The claim is in any particular class designated herein only to the extent such claim fits within the description of such class and is in such other and different class or classes to the extent that the remainder thereof fits within the description of such other class or classes:

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

2

**Unclassified Claims**

Class 1:        Administrative Expenses

**Classified Claims**

Class 2:        Wells Fargo Secured Claim
Class 3:        Truist Bank, fka BB&T Secured Claim
Class 4:        William A. Truban, Jr. Secured Claim
Class 5:        General Unsecured Claims

## ARTICLE III

PROVISIONS FOR TREATMENT OF CLAIMS

Allowed claims as classified in Article II shall be treated in the manner set forth in this Article III.

**Unclassified Claims**

Class 1:        Administrative Expenses.

Allowed administrative expenses, exclusive only of the compensation and expenses of the Subchapter V Trustee, shall be paid in full, as they come due, or in the case of professionals' fees, are allowed by the Court. The compensation and expenses of the Subchapter V Trustee shall be paid in full within thirty days of the entry of an order by the Court approving such compensation and expenses, or from Plan payments made herein.

**Classified Claims**

Class 2:        Wells Fargo Secured Claim.

The Wells Fargo secured claim is secured by a first position lien on the Debtor's residence. The Class 2 clam shall be treated as follows:

A.     Commencing on June 24, 2021, which may be extended to the extent that Wells Fargo grants further Covid-19 related payment forbearance, and continuing on or before the 24th of each month thereafter, the Debtor shall pay Wells Fargo an interest only payment, at a rate of 2.5%, on its principal debt of $721,033.98. The monthly payment will be $1,502.15.



MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

3

B. The Debtor will make the above-described interest only payments for five (5) years, at which time the Wells Fargo note will balloon and be due and payable in full.

C. Upon confirmation of the Plan, Wells Fargo shall be deemed relieved from the automatic stay and may assert its remedies pursuant to its loan documents in the event of either a default in the interest only payments or a default on the balloon payment. The Debtor shall have thirty (30) days to cure any default.

D. Wells Fargo shall retain its lien on the Debtor's residence.

Class 3:    Truist Bank, fka BB&T Secured Claim.

The Debtor shall continue to pay the Class 3 secured creditor, secured by a lien on a 2006 Chevrolet Silverado, $200 per month pursuant to the Court's October 22, 2020 consent order.

Truist Bank shall retain its lien on the Debtor's vehicle.

Class 4:    William A. Truban, Jr. Secured Claim.

The secured claim of William A. Truban, Jr., secured by a second deed of trust against the Debtor's residence at 1021 Bowmans Mill Road, Middletown, Virginia, in the amount of $171,000, will be treated as an allowed general unsecured claim under Class 5 of this Plan. The William A. Truban, Jr. deed of trust was not used to acquire the Debtor's real property, and the debt arose primarily in connection with the small business of the Debtor. The Debtor acknowledges this claim, scheduled it in his bankruptcy schedules as an allowed claim, and no further proof of claim should be required in order for it to be an allowed general unsecured claim in this case. Pursuant to section 1190(3) of the Bankruptcy Code, the Class 4 creditor's claim shall be modified to terminate the effectiveness of the deed of trust in favor of Truban against the Debtor's residence and the lien on the Debtor's residence evidenced by the deed of trust shall automatically be deemed avoided and of no effect upon substantial consummation of the Plan. Upon the occurrence of confirmation of the

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

4

Plan, Truban shall be automatically deemed to be the holder of a general unsecured claim in the amount of $171,000, which shall be in the Class 5 claims and treated as provided below.

Class 5: General Unsecured Claims.

The Debtor's general unsecured claims, as calculated pursuant to this Plan, the Debtor's schedules, and proofs of claim filed in this case, and which include the Class 4 claim for $171,000 of William A. Truban, Jr. discussed above, will be paid by the Subchapter V trustee, pro rata, after payment of allowed Class 1 claims, from the payments that the Debtor will make pursuant to this Plan. Payments made from these funds to Class 1 claimants shall be limited to $15,000.00.

## ARTICLE IV

### CLAIMS IMPAIRED UNDER THE PLAN

Classes 2, 4, and 5 are impaired under the Plan. The Plan alters the legal, equitable, and/or contractual rights of this impaired class of claims. Holders of Claims falling into these classes are entitled to vote in favor of or against the Plan.

## ARTICLE V

### MEANS OF EXECUTION OF THE PLAN

The Debtor hereby provides the following means for execution of this Plan:

A. The Debtor will continue to manage Race ADV, LLC, for his anticipated current salary, which is based on volume and profitability of work. He will pay his monthly bills and his Plan payment to the trustee from these funds. The Debtor's current income from Race ADV, LLC varies from month to month. His salary will be subject to change based on Race ADV's business and other consulting business or employment the Debtor may receive. The Debtor projects his disposable income to increase by approximately $750/month in the next twelve (12) months. The Debtor has made his first two (2) Plan payments to the trustee as of the date of this Plan, and will

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

5

make a third payment prior to confirmation. As a result, the Debtor will finalize his payments to the trustee in 57 months from the Effective Date rather than 60.

B. The Debtor will pursue avoidable preferences and other avoidance actions as he deems appropriate.

C. The Debtor shall commence payment to the trustee for payment to the Class 1 and Class 4 claims within thirty days after confirmation of the Plan by making monthly payments of $800 per month for the first 12 months of his Plan, and $1,500 per month for the 48 months thereafter. A copy of Race ADV's profit and loss statement for October and November, 2020, along with six (6) months cash flow projections shall be filed as exhibits to this Plan on or before December 16, 2020. A copy of amended Schedules I and J, reflecting the Debtor's estimated income and expenses, shall also be filed as exhibits to this Plan on or before December 16, 2020. Failure to make the Plan payments, which failure remains uncured for thirty (30) days, shall constitute a default under the Plan. Upon default, creditors may petition the Court to dismiss the Debtor's Chapter 11 case.

## ARTICLE VI

The Debtor's liquidation analysis is attached as **Exhibit 1** to this Plan.

## ARTICLE VII

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Unless specifically assumed the Plan will constitute rejection pursuant to 11 USC § 365 of all of executory contracts and unexpired leases. Any parties with a rejection claim arising from such rejected contract or lease may file its claim within thirty (30) days of the Effective Date, or such rejection claim will not be allowed. Any allowed rejection claim will be treated as a claim in Class 5 of the Plan.

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

## ARTICLE VIII

### TAX CONSEQUENCES

The Debtor makes no representation as to the tax consequences that treatment under the Plan may have for his creditors. Creditors should seek their own tax advice from tax professionals to determine tax consequences of the Plan.

## ARTICLE IX

### RETENTION OF JURISDICTION

Until this case is closed, the Bankruptcy Court shall retain such jurisdiction as is legally permissible, including that necessary to ensure that the purpose and intent of this Plan is carried out and to hear and determine all claims set forth in Article III that could have been brought before entry of the confirmation order. The Bankruptcy Court shall retain jurisdiction to hear and determine all claims against the Debtor and to enforce all causes of action that may exist on behalf of the Debtor. Nothing contained in the Plan shall prevent the Debtor from taking action as may be necessary in the enforcement of any cause of action that exists on behalf of the Debtor and that has not been enforced or prosecuted by the Debtor. Failure of the Debtor to object to, or examine, any claim for the purpose of voting, shall not be deemed a waiver of the Debtor's right to object to, or re-examine, the claim, in whole or in part.

The Bankruptcy Court shall further retain jurisdiction after the Confirmation Date for the purpose of determining all questions and disputes regarding title to assets of the estate, and determination of all causes of action, controversies, disputes, or conflicts, whether or not subject to any pending action as of the Confirmation Date, between the Debtor and any other party, including, but not limited to, any right of the Debtor to recover assets pursuant to the provisions of the Bankruptcy Code.

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

The Bankruptcy Court shall retain jurisdiction, until the case is closed, for the following additional purposes after the Confirmation Date:

(a) to modify this Plan after confirmation pursuant to the Bankruptcy Rules and title 11 of the Bankruptcy Code;

(b) to assure the performance by the reorganized Debtor of its obligations to make distributions under the Plan, and of any third parties who have obligations pursuant to the Plan;

(c) to interpret the terms and conditions of this Plan;

(d) to enter such orders, including injunctions, as are necessary to enforce the title, rights, and powers of the reorganized Debtor and to impose such limitations, restrictions, terms, and conditions on such title, rights, and powers as the Bankruptcy Court may deem necessary;

(e) to enter an order concluding and terminating this reorganization case;

(f) to correct any defect, cure any omission, or reconcile any inconsistency in this Plan or the order of confirmation as may be necessary to carry out the purposes and intent of this Plan; and

(g) to decide issues concerning federal tax reporting and withholding that arise in connection with the confirmation and consummation of this Plan.

## ARTICLE X

### MODIFICATION OF THE PLAN

The Debtor may propose amendments or modifications to the Plan any time prior to the date of confirmation. After the date of confirmation, the Debtor may remedy any defects or omissions or reconcile any inconsistencies in the Plan or in the Confirmation Order in such a manner as may be necessary to carry out the purposes and intent of the Plan, so long as the interests of claimants are not materially or adversely affected thereby.

## ARTICLE XI

### POST-CONFIRMATION REPORTS AND FINAL ORDER

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

The Debtor shall file a quarterly report of the disbursements made pursuant to this provision, stating the name of each recipient, the amount received by each recipient and the date of the disbursement of payments until all payments due under this Plan are completed.

Following the completion of those steps necessary to consummate and implement the Plan, the Debtor will file an application for entry of a final decree closing the case, pursuant to Bankruptcy Code § 350 and Bankruptcy Rules 2015(a)(7), 3022, and 5009. Final professional fee applications must be filed within forty-five (45) days of the Effective Date.

## **ARTICLE XII**

### REMEDIES UPON DEFAULT

Upon confirmation, the Plan shall be a binding contractual obligation of the Debtor. Should the Debtor default on the Plan, creditors could sue to enforce Plan treatment, seek a judgment, or ask the Court to convert the Chapter 11 case.

## **ARTICLE XIII**

### DISCHARGE

Upon the confirmation and completion of payments under this Plan and notice to creditors, the Debtor shall be entitled to, and the Court will issue, the Debtor's discharge pursuant to 11 U.S.C. § 1141 or 1192.

## **ARTICLE XIV**

### EFFECTIVE DATE OF THE PLAN

The Plan shall take effect upon the Effective Date, which will be the day thirty (30) days from the date of the final order confirming the Plan.

Date:  December 9, 2020                              Respectfully submitted,

JOHN A. ROSS

By:  /s/ Andrew S. Goldstein
          Of Counsel

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

Andrew S. Goldstein, Esq. (VSB #28421)
Magee Goldstein Lasky & Sayers, P.C.
P.O. Box 404
Roanoke, Virginia 24003-0404
Telephone: (540) 343-9800
Facsimile: (540) 343-9898
agoldstein@mglspc.com
*Counsel for the Debtor*

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

10